IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD R. PROVOST,

      Plaintiff,                      No. CIV S-07-0698 MCE DAD P

   vs.

K. PROSPER, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,     , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13  omits to perform an act which he is legally required to do that causes the deprivation of which
14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15          Moreover, supervisory personnel are generally not liable under § 1983 for the
16  actions of their employees under a theory of respondeat superior and, therefore, when a named
17  defendant holds a supervisorial position, the causal link between him and the claimed
18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
20  allegations concerning the involvement of official personnel in civil rights violations are not
21  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
22          In the present case, plaintiff has named as defendants Warden K. Prosper,
23  Sergeant D. Oneto, Correctional Officer D. Woodward, and Correctional Officer K. Ziegler.
24          Plaintiff alleges that, on November 4, 2005, he proceeded to the gym restroom.
25  Plaintiff noticed a pad lock on the door and asked defendant Woodward if he could use the
26  restroom.  Defendant Woodward replied "no" and entered the office to confer with defendant

1  Ziegler.  Defendant Ziegler came out and told plaintiff to go back to his bunk for chow-time.
2  Defendant Ziegler told plaintiff that he was given plenty of time to use the restroom.  Plaintiff
3  alleges that he told defendant Woodward that he had weak bladder muscles as a result of multiple
4  abdominal operations he had previously undergone.  Defendant Woodward replied "no" again
5  and told plaintiff to go back to his bunk.

6  After returning to his bunk, plaintiff alleges the pain became unbearable, so he
7  stood up.  He saw defendant Woodward approaching and asked again if he could please use the
8  restroom.  Defendant Woodward replied "Who the fuck are you?  There are 300 people in here.
9  We're not going to cater to you, now get on your bunk."

10  Defendant Woodward left and returned with defendant Oneto.  Plaintiff told
11  defendant Oneto that he only wanted to use the restroom.  Defendant Oneto replied "let's go to
12  the office."  Plaintiff alleges that, as he started following defendant Oneto, defendant Woodward
13  activated his alarm.  Plaintiff was handcuffed and escorted towards the office when defendant
14  Woodward began yelling at him to get down.  Plaintiff alleges he was thrown to the floor while
15  in restraints and urinated in his clothes.  He was then locked in a restroom during chow time and
16  escorted to administrative segregation as a punishment for resisting a peace officer.

17  Plaintiff alleges that defendants' conduct constitutes deliberate indifference in
18  violation of the Eighth Amendment.  He seeks declaratory relief and damages.

19  The court finds that plaintiff's complaint states cognizable claims for relief
20  against defendants Oneto, Woodward, and Ziegler.  If the allegations of the complaint are proven
21  against these defendants plaintiff has a reasonable opportunity to prevail on the merits of this
22  action.  The court finds that plaintiff's complaint does not state a cognizable claim against
23  Warden Prosper.  Plaintiff has failed to allege any specific causal link between the actions of
24  Warden Prosper and the claimed constitutional violations.

25  /////

26  /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 18, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Sergeant D. Oneto, Correctional Officer D. Woodward, and Correctional Officer K. Ziegler.

4. The Clerk of the Court shall send plaintiff 3 USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed April 12, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed April 12, 2007.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: June 7, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
prov0698.1a

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD R. PROVOST,

        Plaintiff,                    No. CIV S-07-0698 MCE DAD P

    vs.

K. PROSPER, et al.,                  <u>NOTICE OF SUBMISSION</u>

        Defendants.              <u>OF DOCUMENTS</u>

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ <u>one</u> completed summons form;

        _____ <u>three</u> completed USM-285 forms; and

        _____ <u>four</u> true and exact copies of the complaint filed April 12, 2007.

DATED: _____.

                                                            _____
                                                             Plaintiff